**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ULRIC JACKSON,
              Appellant,

        v.

DEPARTMENT OF THE NAVY,
              Agency.

DOCKET NUMBER
SF-3443-16-0082-I-1

DATE: August 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ulric Jackson, Oceanside, California, pro se.

Erica Marie Briggs, Camp Pendleton, California, for the agency.

Patricia Welling, San Diego, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal with the Board challenging a June 5, 2015 letter of reprimand that he received from the agency, and he raised claims of equal employment opportunity (EEO) discrimination, harassment, and prohibited personnel practices.  Initial Appeal File (IAF), Tabs 1, 4.  The appellant also alleged that his manager was retaliating against him because he blamed the appellant for having to apologize to some military personnel who told their supervisors that they overheard the appellant's manager saying bad things about them in a meeting.  IAF, Tab 1 at 2.  The appellant provided documentation to support his appeal.[2]  *Id*. at 5-67.

¶3        The administrative judge issued an acknowledgment order informing the appellant that the Board generally lacks jurisdiction over an appeal of a reprimand letter.  IAF, Tab 2 at 2.  The administrative judge further informed the appellant that, absent an appealable action otherwise within the Board's appellate jurisdiction, the Board may have no jurisdiction to consider his claims that the agency subjected him to unlawful discrimination or retaliation.  *Id*.  The administrative judge informed the appellant that he had the burden of proving that

---

[2] Before the appellant filed his appeal with the Board, he challenged his reprimand through the union grievance process without success.  IAF, Tab 1 at 55-57, 59.

the challenged action falls within the class of actions generally appealable to the Board listed at 5 C.F.R. § 1201.3(a), or that the Board has jurisdiction over his appeal as an individual right of action (IRA) appeal or under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). IAF, Tab 2 at 5. The administrative judge informed the appellant of the criteria he was required to prove to establish jurisdiction over an IRA appeal or under USERRA, and he ordered the appellant to submit evidence and argument proving that the Board has jurisdiction over his appeal. *Id*. at 3-5. The appellant responded to the order, and the agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tabs 4, 6.

¶4        Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.[3] IAF, Tab 7, Initial Decision (ID). The administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction over his appeal. ID at 7. The administrative judge further found that the appellant failed to show, by preponderant evidence, that his June 5, 2015 letter of reprimand or his claims of EEO discrimination, retaliation, harassment, or prohibited personnel practices, were otherwise appealable to the Board. *Id*. The administrative judge also found no evidence that the appellant exhausted his administrative remedies before OSC and noted that the appellant failed to address the exhaustion requirements for an IRA appeal in his response to the acknowledgement order. ID at 8. The administrative judge further found that, although the appellant is a veteran, he did not establish jurisdiction over his appeal under USERRA because he failed to allege that the agency's actions were related to his uniformed service or because of an application or obligation to perform such service. ID at 9.

¶5        The appellant filed a petition for review arguing the merits of his appeal and reiterating his claims of prohibited personnel practices, discrimination,

---

[3] The appellant did not request a hearing.

preferential treatment, and harassment by his manager.[4]  PFR File, Tab 1.  The appellant expresses frustration with his inability to vindicate his "Weingarten, employee and fundamental human rights."  *Id*. at 1.  The appellant also expresses his dissatisfaction with the union grievance process and states that he filed an untimely EEO complaint after his grievance was unsuccessful.  *Id*. at 1-2.  The appellant further indicates that he filed a complaint with the Office of Special Counsel (OSC) and that he was informed that OSC was closing his case; but he failed to submit a copy of his OSC complaint, the file closure letter, or any of his correspondence with OSC.  *Id*. at 2.  The agency responded in opposition to the petition for review.  PFR File, Tab 3.

¶6        We find that the appellant's arguments on review fail to identify any error in the administrative judge's finding that the Board lacks jurisdiction over his appeal.  We therefore deny his petition for review.  We note that on appeal the appellant described one of the alleged prohibited personnel practices as the willful obstruction of "employee rights to compete for employment."  IAF, Tab 3 at 1.  The appellant also argued on review that his manager told the appellant and his coworkers that they cannot "go from a WG 6/7 to a GS-9 position," but a nonveteran received a GS-9 position "as soon as she got her degree," and that the appellant's manager knew that he had "the experience, veteran[s'] preference, skills and education to advance to any of the jobs."  *Id*. at 2-3.  Although unclear, the appellant may be attempting to claim that the agency denied his right to compete under the Veterans Employment Opportunities Act of 1998 (VEOA).

¶7        To establish Board jurisdiction over a "right to compete" appeal under 5 U.S.C. § 3330a(a)(1)(B), an appellant must:  (1) show that he exhausted his remedy with the Department of Labor; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the action at issue took place on or after the enactment date of the Veterans' Benefits

---

[4] The appellant also raises new allegations that his manager was sleeping on duty and he had to wake him up.  PFR File, Tab 1 at 2.

Improvement Act of 2004, and (iii) the agency, in violation of 5 U.S.C. § 3304(f)(1), denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). If the appellant would like to file a new appeal with the Board alleging that the agency denied his right to compete under VEOA, then he first must exhaust his administrative remedies with the Department of Labor.[5] *See* 5 C.F.R. § 1208.21.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose

---

[5] The Board's regulations at 5 C.F.R. §§ 1208.21-23 explain the VEOA exhaustion requirement, the required content of a VEOA appeal, and the time limitations applicable to filing a VEOA appeal with the Board.

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.